UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                   Case No. 13-CR-56

MICHAEL ROBERTSON,

        Defendant.

## RECOMMENDATION THAT THE DEFENDANT'S MOTION TO SUPPRESS BE DENIED AND ORDER

### I. FACTS AND PROCEDURAL HISTORY

On April 2, 2013 the grand jury in this district returned a two count indictment charging Michael Robertson ("Robertson") with interference with commerce by threats or violence, in violation of Title 18, United States Code, Section 1951(a), (count 1), and carrying a firearm in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii), (count 2). (Docket No. 1.) On April 24, 2013, Robertson filed two motions to suppress. The first sought to suppress his statement and other derivative evidence on the ground that his arrest was not supported by probable cause. (Docket No. 13.) In the second motion he contends that his statement was obtained in violation of Miranda, see Miranda v. Arizona, 384 U.S. 436, 444 (1966). (Docket No. 14.) A jury trial is scheduled to commence before the Honorable Rudolph T. Randa on June 17, 2013.

In his reply, the defendant concedes that based upon information disclosed in the government's response, his arrest was supported by probable cause. Thus, the court regards the

defendant's first motion to suppress, (Docket No. 13), as withdrawn, and therefore the court shall not consider the issue further. However, based upon the government's statements in its response, the defendant now seeks to compel disclosure of the confidential informant ("CI") who provided the information that led to his arrest. Because this request was raised for the first time only in reply, the government has not had the opportunity to respond to this request. Therefore, the court shall defer ruling on this request until the government has had an opportunity to respond. The government shall respond to the defendant's request to disclose the CI not later than **May 23, 2013**. There shall be no reply absent leave of the court.

## II. ANALYSIS

It is well-established that Miranda warnings are not required merely because an individual questioned by law enforcement officers is a suspect or is the focus of a criminal investigation. United States v. Jones, 21 F.3d 165, 170 (7th Cir.1994) (citing Oregon v. Mathiason, 429 U.S. 492, 495 (1977)). Rather, Miranda warnings are required only if the individual is both in custody and subject to interrogation. United States v. Yusuff, 96 F.3d 982, 987 (7th Cir. 1996) (citing United States v. Burns, 37 F.3d 276, 280 (7th Cir. 1994)). Both "custody" and "interrogation" are terms of art in the Miranda context, but there is no dispute that Robertson was in custody during the relevant questioning. Thus, the court concerns itself only with the interrogation prong of the Miranda analysis.

The Court in Miranda defined interrogation as "questioning initiated by law enforcement officers." Miranda, 384 U.S. at 444. The Court later expanded on this definition and said "the term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980); see also Pennsylvania. v. Muniz, 496 U.S. 582,

601 (1990) (quoting Harryman v. Estelle, 616 F.2d 870, 874 (5th Cir. 1980)) (defining interrogation as including "both express questioning, and also words or actions that, given the officer's knowledge of any special susceptibilities of the suspect, the officer knows or reasonably should know are likely to 'have . . . the force of a question on the accused.'").

The Court of Appeals for the Seventh Circuit has held that the requirement that any utterance or action be reasonably likely to elicit an incriminating response from the suspect in order for it to be improper applies not only to statements and actions but also explicit questions. United States v. Briggs, 273 F.3d 737, 741 (7th Cir. 2001). Thus, an officer need not inform a person in custody of his rights under Miranda before asking questions that are either unlikely to elicit an incriminating response or are a normal part of the arrest procedure. Courts analyze whether a question is reasonably likely to elicit an incriminating response by asking whether "a reasonable objective observer would have believed that the law enforcement officer's statements to the defendant were reasonably likely to elicit an incriminating response." United States v. Hendrix, 509 F.3d 362, 374 (7th Cir. 2007).

Following Robertson's arrest on March 22, 2013, Wauwatosa Police Detective Michael Schultz ("Schultz") questioned him starting at roughly 11:56 PM. However, it was not until about 14 minutes into this interview when, at 12:09 AM, Schultz advised Robertson of his rights under Miranda. The government contends that the questioning that preceded Robertson being advised of his Miranda rights was not interrogation and Robertson was interrogated only after being advised of his rights. And in any event, in the government's view, Robertson said nothing incriminating during the period before he was advised of his rights. (Docket No. 15 at 7.) Robertson contends that Schultz impermissibly used the question first / advise later interrogation technique proscribed in Missouri v. Seibert, 542 U.S. 600 (2004).

3

The first 14 minutes of the interview was overwhelmingly comprised of routine "booking questions" which were clearly not interrogation. See United States v. Knope, 655 F.3d 647, 652 (7th Cir. 2011) (citing Pennsylvania v. Muniz, 496 U.S. 582, 601 (1990)). Schultz asked Robertson about where he lives, his family, and his personal and criminal history. (Docket No. 15-1.) However, the court disagrees with the government when it states that the first 14 minutes was completely devoid of interrogation or incriminating statements. When inquiring about Robertson's criminal history, Schultz remarks upon how it has been over four years since Robertson has been arrested and then asks, "Staying out of trouble?" (Docket No. 15-1 at 6.) This was a question that was likely to elicit an incriminating response. But it did not. Instead, Robertson simply says "Yeah" in agreement with Schultz.

Immediately thereafter, Schultz says, "That's a good thing. Your last arrest was in 08. That's a long stretch without getting into any trouble. That's a good thing." (Docket No. 15-1 at 6.) Robertson then says, "I'm surprised that I got myself in this." Robertson's statement is plainly incriminating. (Docket No. 15-1 at 6.) However, it did not come in response to any interrogation by Schultz. Thus, Robertson's statement was a volunteered statement outside of Miranda. See United States v. Johnson, 680 F.3d 966, 976 (7th Cir. 2012); United States v. Abdulla, 294 F.3d 830, 835 (7th Cir. 2002) (citing Andersen v. Thieret, 903 F.2d 526, 531 (7th Cir. 1990)).

However, towards the end of the initial 14 minutes of the interview, Schultz clearly sought use his responses to Robertson's inquires as an opportunity to "lay the groundwork" for getting Robertson to confess. When Robertson asked what sort of punishment he might be facing, Schultz indicated that the severity of the charges might depend heavily upon what Robertson said with respect to the crime. (Docket No. 15-1 at 8.) Immediately after Schultz explains this all to Robertson, Robertson appears to start to confess but Schultz quickly cuts him off, telling Robertson that he has to advise him of his rights before he hears Robertson's side of the story. (Docket No. 15-

4

1 at 9.) Schultz finishes up obtaining some additional background information from Robertson and then advises Robertson of his rights.

By advising Robertson of the potential benefits of confessing, Schultz was arguably seeking to elicit an incriminating statement from Robertson. But again, like with Schultz's question as to whether Robertson was keeping out of trouble, Robertson did not provide any incriminating statement in response. When Robertson tried to, Schultz cut him off and advised him of his rights.

Seibert addressed the narrow issue of law enforcement intentionally eliciting a statement in violation of Miranda but then advising the suspect of his rights and trying to get him to repeat the statement, believing that the "cat is already out of the bag." United States v. Peterson, 414 F.3d 825, 828 (7th Cir. 2005). But suppression pursuant to Seibert depends upon there having been a prior Miranda violation. A law enforcement officer making statements that are reasonably likely to elicit an incriminating response from the suspect does not undermine Miranda if the suspect either does not respond or the officer silences the suspect's response before it can be made. Id.

To the extent that Robertson's statements during the first 14 minutes of the interview with Schultz were incriminating, any such statements were volunteered and not the result of any action by Schultz that was reasonably likely to elicit an incriminating response from the Robertson. When Schultz did occasionally engage in actions that were reasonably likely to elicit an incriminating response from the Robertson, Robertson either remained silent or was cut off by Schultz. Thus, at no point during the initial 14 minute interview was there a Miranda violation. Accordingly, the concern addressed in Seibert was not present here. Because law enforcement did not elicit an incriminating statement from Robertson prior to advising him of his rights, there was no risk that the advisement of rights would be ineffective, see United States v. Heron, 564 F.3d 879, 886 (7th Cir. 2009), and Robertson would feel compelled to speak believing that "the cat was out of the

bag." Therefore, the court shall recommend that Robertson's motion to suppress on the basis that his statement was obtained in violation of Miranda, (Docket No. 14), be denied.

**IT IS THEREFORE RECOMMENDED** that Robertson's motions to suppress, (Docket No. 14), be **denied**.

**IT IS FURTHER ORDERED** that the government shall respond to the defendant's request to compel disclosure of the confidential informant not later than **May 23, 2013**. The court regards the defendant's motion to suppress, (Docket No. 13), as withdrawn in light of the defendant's concession in his reply that his arrest was supported by probable cause.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Crim. P. 59(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation or prior to the Final Pretrial Conference, whichever is earlier. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 17th day of May, 2013.

AARON E. GOODSTEIN
U.S. Magistrate Judge